IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GEMALTO S.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-cv-910 |
| | § | |
| CPI CARD GROUP INC. | § | **Jury Trial Demanded** |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Gemalto S.A. ("Gemalto") files this Complaint against Defendant, CPI Card Group Inc. ("CPI") and alleges as follows:

### Parties

1. Plaintiff Gemalto S.A., is a French corporation whose principal place of business is located in Meudon, France.

2. Defendant CPI Card Group Inc. is a corporation organized under the laws of the State of Delaware, having its principal place of business at 10368 West Centennial Road, Littleton, CO 80127.

### Jurisdiction

3. This Court has subject matter jurisdiction over the claims set forth below based on applicable statutory provisions, including 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

4. This Court has general and specific personal jurisdiction over CPI. CPI has committed and continues to commit acts giving rise to this action within Texas and within this judicial district and CPI has established minimum contacts within the forum such that the exercise of jurisdiction over CPI would not offend traditional notions of fair play and substantial

justice. For example, upon information and belief, CPI has committed and continues to commit acts of patent infringement in this judicial district, as set forth below. In conducting its business in Texas and this judicial district, CPI derives substantial revenue from its patent infringement.

## Venue

5.     Venue is proper in the Western District of Texas under 35 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b) because CPI has committed acts within this judicial district giving rise to this action, and CPI has and continues to conduct business in this judicial district, including one or more acts of using, selling, and offering to sell its infringing products in this judicial district.

6.     Venue in the Western District of Texas is also proper because Gemalto's related company and U.S. headquarters, Gemalto, Inc., is located in this judicial district in Austin, Texas.

7.     Venue in the Western District of Texas is also proper because the majority of Gemalto's documents and relevant evidence are located at, or can be easily obtained at or transferred to, Gemalto, Inc.'s offices within this judicial district.  Additionally, numerous potentially relevant witnesses are also located within this judicial district, and/or regularly and systematically travel to Gemalto, Inc.'s offices in this district.

## Background Facts

8.     On August 31, 1999, the United States Patent & Trademark Office ("USPTO") issued U.S. Patent No. 5,944,833 ("the '833 Patent"), entitled "Integrated Circuit and Method for Decorrelating an Instruction Sequence of a Program," to CP8 Transac ("CP8") as assignee. Gemalto is the owner of all right, title, and interest in the '833 Patent, including the right to recover damages for past, present, and future infringement of the patent and the right to seek

injunctive relief against infringement of the patent. A true and correct copy of the '833 Patent is attached as Exhibit A.

9. In addition to the '833 Patent, Gemalto owns several hundred patents in the U.S. and worldwide that are related to security features and smart card technologies, including EMV technology.

10. EMV technology includes credit and debit cards embedded with chip technology rather than a magnetic strip.

11. The technology of the '833 Patent relates to preventing the unauthorized detection of information from an EMV card, and further relates to an improved integrated circuit for a microprocessor controlled by at least one program and the process for using the circuit which includes means which can decorrelate the running of at least one instruction sequence of a program from internal or external electrical signals of the integrated circuit. The internal or external electrical signals include timing, synchronization and status signals.

12. On information and belief, all EMV cards, including those made and sold by CPI, use this basic technology.

13. CPI's website states that "[a]s a leading provider of integrated credit, debit and prepaid debit card solutions in North America, [CPI is] well positioned to support our customers in the U.S. market conversion to EMV. We serve our customers through a network of nine production and personalization facilities, including seven PCI-compliant high-security facilities in North America, which are each certified by one or more of the card payment brands."

14. CPI has had actual knowledge of the '833 Patent, as well as its related pending U.S. and foreign patent applications, since at least as early as April 17, 2015.

15. Gemalto has attempted to engage in negotiations with one or more representatives of CPI regarding licensing of the '833 Patent, as well as other patents owned by Gemalto, since April 17, 2015.

16. After several attempts by Gemalto to resolve this matter, in a letter dated September 9, 2015 from David S. Bloch of Winston & Strawn LLP, CPI's counsel, CPI indicated that it "declines [Gemalto's] invitation to enter licensing negotiations."

## Count I – Infringement of the '833 Patent

17. Gemalto incorporates the allegations contained in paragraphs 1-16 above as if set forth verbatim herein.

18. Gemalto holds all legal title, interest, and rights in the '833 Patent.

19. CPI did not and does not have a license or any right under the '833 Patent, nor does CPI have any objectively sound or good faith basis to believe that it has the right to make, use, import, offer to sell, and/or sell products which infringe the '833 Patent.

20. On information and belief, CPI has and continues to manufacture, use, sell, and offer to sell, EMV cards that include MULTOS chips ("MULTOS-based EMV cards"), as well as EMV cards that do not incorporate MULTOS chips ("non-MULTOS-based EMV cards").

21. On information and belief, CPI has and continues to manufacture, use, sell, and offer to sell, without authority, its non-MULTOS-based EMV cards (including by way of example only, its VISA authorized cards) protected by the '833 Patent.

22. On information and belief, CPI has infringed, and will continue to infringe, claims of the '833 Patent by making, using, importing, offering to sell, and selling its non-MULTOS-based EMV cards (including by way of example only, its VISA authorized cards).

23. On information and belief, CPI's infringement has been and continues to be with full knowledge of the '833 Patent and therefore has been deliberate and willful.

24. Unless CPI's infringement is permanently enjoined, Gemalto will continue to be damaged and irreparably harmed.

### Demand for Trial by Jury

Gemalto demands a jury trial on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### Prayer For Relief

WHEREFORE, Gemalto prays for the following relief:

1. A declaration that CPI has infringed and continues to infringe one or more claims of the '833 Patent and is liable to Gemalto for infringement;

2. A declaration that the '833 Patent is not invalid and is enforceable;

3. A permanent injunction against CPI and its parents, subsidiaries, affiliates, officers, directors, agents, servants, employees, successors and assigns and all others in active concert or participation with any of the foregoing from any further acts of infringement, including contributing to and/or inducing infringement, of the '833 Patent;

4. An award of damages, including pre-judgment and post-judgment interest, in an amount adequate to compensate Gemalto for CPI's infringement of the '833 patent, and that the damages be trebled pursuant to 35 U.S.C. § 284;

5. An equitable accounting of damages owed by CPI for the period of infringement of the '833 patent, following the period of damages established by Gemalto at trial;

6. A finding that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

7. An award of costs, expenses, and disbursements; and

8. Such other and further relief as the Court deems Gemalto may be entitled to in law and equity.

Respectfully submitted,

OSHA LIANG LLP

Date: October 13, 2015  /s/ *Peter C. Schechter*

Peter C. Schechter
(seeking admission *pro hac vice*)
   Texas Bar No. 24090761
Jonathan P. Osha
   Texas Bar No. 00788150
Monica M. Moussighi
   Texas Bar No. 24074767
Two Houston Center, Suite 3500
909 Fannin Street
Houston, TX 77010
Phone: (713) 228-8600
Fax:    (713) 228-8778

Louis K. Bonham
   Texas Bar No. 02597700
919 Congress Ave., Suite 919
Austin, TX 78701
Phone: (512) 480-0667
Fax:    (713) 228-8778

*Attorneys for Plaintiff,*
*Gemalto S.A.*